| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br><br>HECTOR GONZALEZ,<br><br>                          Plaintiff,<br><br>                - against -<br><br>UNDERCOVER OFFICERS JOHN DOE;<br>UNIFORM OFFICERS JOHN DOE; CIVILIAN<br>COMPLAINT REVIEW BOARD; SGT.<br>PRARRIA, 60th Pct.,<br><br>                         Defendants.<br><br>-----------------------------------------------------------X | C/M<br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER**<br><br>18-cv-4365 (BMC) (LB) |

**COGAN, District Judge**.

Plaintiff *pro se* filed the instant pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an application to proceed *in forma pauperis*, which is hereby granted. For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, however, granted leave to file an amended complaint within twenty (20) days from the date of this Order.

## BACKGROUND

Plaintiff's allegations are submitted on a court-supplied complaint form, but they are incoherent and devoid of any facts suggesting plaintiff suffered a violation of his federal rights. For example, when prompted to identify which of his federal constitutional or statutory rights were allegedly violated, plaintiff writes "Result John Doe statute, we had 60 precinct Sergeant Prarria." When asked how each defendant acted under color of state or local law, plaintiff replies "John Doe statute, under cover, which refuse to be identify." When directed to state where the events giving rise to his claim occurred, plaintiff responds "First roof top standing on top TV dish

on the roof disconnected TV for Thanksgiving weekend, damage dish and adjustment." And when directed to provide a date and time for the events giving rise to his claim, plaintiff's response is "second confronted by two uniform police officer."

It appears that police officers encountered plaintiff at an unidentified location on an unknown date and time and "threatened" plaintiff with arrest, but the Court cannot glean any additional information from the pleading. Plaintiff seeks two million dollars in damages.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ., 631

F.3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

In addition, Federal Rule of Civil Procedure 8(a) sets out a minimum standard for the sufficiency of pleadings and provides that plaintiff must make a short, plain statement of the claim against each named defendant. Id. (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Rather, a plaintiff must provide facts sufficient to give each defendant fair notice of the conduct about which the plaintiff is complaining and to know whether there is a legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (stating that Rule 8 requires a plaintiff's pleading to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

To maintain an action under § 1983, plaintiff must allege that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); see also McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."); Schiff v. Suffolk Cty. Police Dep't, No. 12 CV 1410, 2015 WL 1774704, at *5 (E.D.N.Y. Apr. 20, 2015) (same).

Here, plaintiff fails to allege any facts to support a claim that defendants violated any federal right. His allegations do not contain explain how defendants' conduct deprived him of his constitutional or statutory rights. At best, plaintiff's complaint asserts that police officers approached and threatened to arrest him, but that allegation alone is not enough to state a claim for relief under Section 1983.

The complaint also fails to set forth specific allegations of wrongdoing against any of the named defendants. This is insufficient to meet the pleadings standard articulated in Rule 8(a). See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (noting that personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages).

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8(a).

Plaintiff is granted 20 days from the date of this Order to file an amended complaint. If plaintiff elects to file an amended complaint, he must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint and provide relevant dates. Plaintiff's amended complaint must also set forth factual allegations in a clear and concise manner in order to support his claim against defendants.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. If plaintiff fails to amend his complaint within 20 days as directed by this Order, judgment shall be entered. Any amended complaint that plaintiff elects to file will be reviewed for sufficiency.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

                                                                                                                       U.S.D.J.

Dated: Brooklyn, New York
       August 21, 2018